## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIELLE PLUTSCHAK, | ) | |
| 509 N. Main | ) | |
| Salisbury, MD 21830, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| 200 Park Avenue | ) | |
| New York, NY 10166, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S COMPLAINT FOR RECOVERY OF PLAN BENEFITS
### AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

**COMES NOW**, PLAINTIFF Danielle Plutschak, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability benefits due under an employee benefits plan under ERISA, and for Defendant's other violations of the Employee Retirement Income Security Act of 1974 ("ERISA").

### JURISDICTION AND VENUE

1. This Court's jurisdiction over the Plaintiff's claim for long term disability benefits is invoked under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and under the express jurisdiction found in the ERISA statute under 29 U.S.C. § 1132(e) (ERISA § 5-2(e)).

2. Plaintiff's claims "relate to" an "employee welfare benefits plan" or "plans" as defined by ERISA, 29 U.S.C. § 1001 *et seq.*, and the Air Liquide USA LLC Group Benefits Plan constitutes a "plan under ERISA."

3. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2569.503-1, provide a mechanism for administrative or internal appeal of benefit denials.

4. In this case, the aforementioned avenues of approval have been exhausted and this matter is now properly before this Court for judicial review.

5. Venue is proper within the District of Maryland pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

6. Plaintiff alleges upon information and belief that the long-term disability component of the Air Liquide USA LLC Group Benefits Plan (hereinafter "Plan"), funded by Metropolitan Life Insurance Company Policy 149897-1-G, is and at all relevant times was, an "employee welfare benefit plan" as defined by ERISA.

7. Plaintiff alleges upon information and belief that Defendant Metropolitan Life Insurance Company (hereinafter "MetLife"), is the party obligated to determine eligibility for long term disability (hereinafter "LTD") benefits under the Plan, and the party responsible for paying benefits to claimants found disabled under the Plan.

8. MetLife insures the benefits due under the Plan and is the party obligated to pay any benefits owed to Plaintiff by the Plan.

9. MetLife is an insurance company authorized to transact the business of insurance in this state and may be served with process at its home office at 200 Park Avenue, New York, New York 10166.

## FACTS

10. Plaintiff is a resident of the City of Salisbury, County of Wicomico, State of Maryland.

11. Defendant MetLife is the entity responsible for processing claims and adjudicating appeals under the Plan.

12. The Plaintiff was employed by Air Liquide USA LLC as a Cylinder Filler in the City of Cambridge, County of Dorchester, State of Maryland, and was thereby a participant or beneficiary of the Plan and is covered by the policy that provides benefits under the Plan.

13. The Plaintiff ceased work on or about April 30, 2013, due to a disability while covered under the Plan.

14. The Plan is fully insured by MetLife under Group Policy 149897-1-G.

15. The Plaintiff was paid LTD benefits from November 2, 2013 through August 17, 2016.

16. The Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

17. MetLife refused to pay additional LTD benefits to Plaintiff despite being provided with evidence of Plaintiff's permanent disability stemming from, *inter alia*, an open right ankle fracture with ankle surgery, fusion and eventual below-the-knee amputation on or about November 2, 2017, with accompanying chronic pain, fatigue and diminished concentration and memory.

18. The Plaintiff timely submitted medical evidence to MetLife in support of her claim for LTD benefits and requested that a favorable decision be made on her claim.

19. The evidence submitted by Plaintiff to Defendant included, *inter alia*, the following: medical opinions from Peter Sebastian, D.O., Thomas Cypher, D.P.M., an August 16, 2014 Notice of Award from the Social Security Administrative awarding disability benefits back to April 30, 2013, and a November 29, 2017 submission regarding an October 3, 2017 medical record from Alain Tanbe, M.D., at Vascular Center at Glen Burnie, concerning the scheduling of Plaintiff's below-the-knee amputation.

3

20. Nevertheless, MetLife denied the claim, the Plaintiff timely appealed the denial, and the Plaintiff has now exhausted all administrative remedies for the claim for LTD benefits under the Plan pursuant to ERISA.

21. Plaintiff is entitled to LTD benefits as she has met the Plan's requirements, and her disability continues to prevent her from earning 80% of her pre-disability earnings at her own occupation from any employer in the national economy and from earning 80% of her pre-disability earnings from any employer in the national economy at any gainful occupation for which she is reasonably qualified taking into account her training, education and experience.

22. The Court's standard of review for ERISA claims is *de novo* under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989).

23. The Court's standard of review for ERISA claims is *de novo* pursuant to Maryland Insurance Code Ann. § 12-211.

24. The entity that chose to deny benefits would pay any LTD benefits due out of its own funds.

25. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

26. The entity that made the decision to deny benefits allowed its concern over its funds to influence its decision-making.

27. The Defendant insurance company has acted under a policy to take advantage of the potential applicability of ERISA to claims.

28. MetLife's administrative process did not provide Plaintiff with a full and fair review; by way of example, MetLife's denial letters did not contain the specific reasons for the denial

and did not advise Plaintiff of the information MetLife required in order to approve her continuing benefits.

29. Having submitted her appeal, and as confirmed by MetLife, Plaintiff exhausted her administrative remedies.

30. Based on the terms of the insurance policy, Plaintiff's complaint is timely and is not otherwise time barred.

31. The disability insurance policy does _not_ provide MetLife with discretionary authority.

32. Any discretionary authority in the disability insurance policy provided to MetLife is void pursuant to Maryland Insurance Code Ann. § 12-211.

33. At all times relative hereto, MetLife has been operating under an inherent and structural conflict of interest because any monthly benefits paid to Plaintiff are paid from MetLife's own assets with each payment depleting those same assets.

34. As the party obligated to pay benefits and the administrator given discretion in construing and applying the provisions of the disability plan and assessing Plaintiff's entitlement to benefits, MetLife is an ERISA fiduciary.

35. Under ERISA, a fiduciary must carry out its duties with respect to the plan solely in the interest of the participants and beneficiaries for the exclusive purpose of providing benefits to participants and their beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent individual acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

36. MetLife failed to satisfy its duties as articulated in paragraph 35 of this Complaint.

37. Under ERISA, a fiduciary should fully investigate the relevant and applicable facts of any claim.

38. MetLife failed to satisfy its duties as articulated in paragraph 37 of this Complaint.

39. Under ERISA, a fiduciary should fairly consider all information obtained regarding a claim, including that which tends to favor claim payment or continuation as well as that which tends to favor claim declination or termination.

40. MetLife failed to satisfy its duties as articulated in paragraph 39 of this Complaint.

41. Under ERISA, a fiduciary should consider the interests of its insured at least equal to its own and to resolve undeterminable issues in its insured's favor.

42. MetLife failed to satisfy its duties as articulated in paragraph 41 of this Complaint.

43. Under ERISA, a fiduciary has the obligation to read, interpret and understand all of the pertinent medical information with sufficient clarity so as to be able to make a fair, objective and thorough evaluation of its insured's claims for disability benefits.

44. MetLife failed to satisfy its duties as articulated in paragraph 43 of this Complaint.

45. Under ERISA, a fiduciary's denial of a claim should not be based on speculation.

46. MetLife failed to satisfy its duties as articulated in paragraph 45 of this Complaint.

47. Under ERISA, a fiduciary should be objective in its assessment of facts and not attempt to bias the claims investigation process in any manner.

48. MetLife failed to satisfy its duties as articulated in paragraph 47 of this Complaint.

49. Under ERISA, a fiduciary should not take into consideration the amount of money it would save if a particular claim or set of claims is denied, terminated, or otherwise not paid.

50. MetLife failed to satisfy its duties as articulated in paragraph 49 of this Complaint.

51. Under ERISA, a fiduciary should refrain from excessive reliance on in-house medical staff to support the denial, termination, or reduction of benefits.

52. MetLife failed to satisfy its duties as articulated in paragraph 51 of this Complaint.

53. Under ERISA, a fiduciary should not conduct unfair evaluation and interpretation of attending physicians' or independent medical examiners' reports.

54. MetLife failed to satisfy its duties as articulated in paragraph 53 of this Complaint.

55. Under ERISA, a fiduciary should evaluate the totality of its insured's medical conditions.

56. MetLife failed to satisfy its duties as articulated in paragraph 55 of this Complaint.

57. Under ERISA, a fiduciary has an obligation to conduct a fair, thorough, and objective review.

58. MetLife failed to satisfy its duties as articulated in paragraph 57 of this Complaint.

59. If disabled pursuant to the terms of the policy, Plaintiff, who was paid benefits from November 2, 2013 through August 17, 2016, is entitled to a gross long term disability benefit of $1,545.02 per month, offset by her monthly Social Security disability benefit or primary insurance amount of $1,110.90 with no auxiliary benefit for a net long-term disability monthly benefit of $434.12 until July 12, 2045, such that she is entitled to $7,807.68 in back benefits, $92,856.91 in future benefits (using 3.40% to discount to net present value), with no overpayment, for a total long-term disability benefit of $100,664.59.

## CAUSE OF ACTION
## FOR PLAN BENEFITS AGAINST DEFENDANT
## PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates all the allegations contained in paragraphs 1 through 59 as if fully stated herein and says further that:

60. Under the terms of the Plan, Defendant agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined in the LTD portion of the Plan.

61. Plaintiff is disabled under the terms of the Plan.

62. Defendant failed to provide benefits due under the LTD portion of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

63. The decision to deny benefits was wrong under the terms of the Plan.

64. The decision to deny benefits and decision-making process were arbitrary and capricious.

65. The decision to deny benefits was not supported by substantial evidence in the record.

66. The decision-making process did not provide a reasonable opportunity to the Plaintiff for a full and fair review of the decision denying the claim, as is required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1.

67. The appellate procedures did not provide the Plaintiff a full and fair review.

68. As an ERISA fiduciary, the Defendant owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

69. The Defendant violated the fiduciary duties it owed the Plaintiff.

70. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable when the Plaintiff remains disabled under the terms of the Plan.

71. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF requests that this Court grant her the following relief in this case:

1. A finding in favor of Plaintiff against Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled though the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and post-judgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan;

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this Court deems just and proper.

Dated this 5th day of March, 2018.

Respectfully submitted,

BY:    /s/ John P. Hotz_____
JOHN P. HOTZ, ESQ., Bar #18809
John@HHLawWorks.com
**H&H LAWWORKS, LLC**
One Research Court, Suite 450
Rockville, MD 20850
P: (240) 403-2693
F: (301) 460-4402

D. SETH HOLLIDAY, ESQ., GA Bar #426951
Sholliday@mcmahanfirm.com

**MCMAHAN LAW FIRM, LLC**
700 S. Thornton Avenue
P.O. Box 1607
Dalton, Georgia 30722
P: (706) 217-6118
F: (706) 217-6888
(Pro hac vice motion to be filed)

*Attorneys for Plaintiff*